# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAY FLYNN,  )<br>On Behalf of Himself and All Other Persons  )<br>Similarly Situated,  )<br>  )<br>    Plaintiff,  )<br>  )<br>v.  )<br>  )<br>STONEGATE MORTGAGE CORPORATION,  )<br>  )<br>    Defendant.  )<br>_____)  | Case No. 10-cv-2058-JAR-KSG |

## **MEMORANDUM AND ORDER**

Plaintiff Jay Flynn ("plaintiff"), on behalf of himself and all others similarly situated, filed this wage and hour action against his former employer, Stonegate Mortgage Corporation ("defendant"), alleging violations of the Fair Labor Standards Act ("FLSA"),[1] the Kansas Minimum Wage and Maximum Hours Law ("KMWMHL"),[2] and the Kansas Wage Payment Act ("KWPA"),[3] for failing to pay its mortgage advisors for all hours worked and for making unlawful deductions from their compensation. The FLSA and KMWMHL claims are alleged in the alternative. Defendant filed a Motion to Dismiss (Doc. 12) under Federal Rule of Civil Procedure 12(b)(6). As explained below, the motion is granted in part and denied in part.

**I.     Rule 12(b)(6) Standard**

In ruling on a Rule 12(b)(6) motion to dismiss, the court will draw all reasonable

---

[1] 29 U.S.C. § 201, *et seq.*

[2] K.S.A. § 44-1201, *et seq.*

[3] K.S.A. § 44-312, *et seq.*

inferences in favor of the plaintiff.[4]  Under Fed. R. Civ. P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.[5]  To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[6]

The plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly* seeks a middle ground between heightened fact pleading and "allowing complaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' which the Court stated 'will not do.'"[7]  The Supreme Court applies a two-step analysis.  First, the court "must take all the factual allegations in the complaint as true," but is "not bound to accept as true a legal conclusion couched as a factual allegation."[8]  Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[9]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10]

---

[4] *Dias v. City & County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009).

[5] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  The United States Supreme Court explained in *Bell Atlantic Corp. v. Twombly*: "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."  550 U.S. 544, 555 n.3 (2007).

[6] *Twombly*, 550 U.S. at 555, 570.

[7] *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

[8] *Ashcroft v. Iqbal*, – U.S. –, 129 S. Ct. 1937, 1949–50 (2009) (internal citation marks omitted).

[9] *Id.* at 1950.

[10] *Id.* at 1949.

## II. Discussion

Defendant asserts three arguments in its motion to dismiss: (1) plaintiff's state law claims, alleged as Fed. R. Civ. P. 23 class actions, are incompatible with his FLSA collective action claim under § 216(b) and should be dismissed; (2) all three claims lack sufficient factual content to state a claim under Rule 8 and the *Twombly/Iqbal* standards for pleading; and (3) plaintiff seeks various relief not permitted under the FLSA or the KWPA. The Court addresses each argument in turn.

### A. Incompatible Claims

First, defendant argues that plaintiff's state law claims should be dismissed because the Rule 23 procedure for certifying a class action under state law is "inherently incompatible" with the § 216(b) procedure for certifying an FLSA collective action under federal law. While Rule 23 binds all members unless they "opt out" of the class, under the FLSA, a plaintiff is only bound by the court's judgment if he affirmatively "opts in" by filing a consent form with the court.[11] Under a Rule 23 class action, by contrast, all class members are bound by the court's judgment unless they affirmative "opt out" by requesting exclusion.[12] Defendant argues that asserting both claims in the same action creates an inherent procedural conflict, subverts Congressional intent under the FLSA, and confuses potential class members. Defendant appears to be making a jurisdictional argument, but presents its motion to dismiss under Rule 12(b)(6). Therefore, the Court applies Rule 12(b)(6) standards. Plaintiff responds that this Court has supplemental jurisdiction over his state law claims under 28 U.S.C. § 1367 because the state law

---

[11] 29 U.S.C. § 216(b).

[12] *See* Fed. R. Civ. P. 23.

claims arise out of the same nucleus of operative facts as the FLSA claim, and proceeding in one action will provide judicial economy, fairness and convenience.

With the increasing presence of these so-called hybrid actions, courts are divided over whether to allow a plaintiff's Rule 23 class action to proceed alongside his FLSA collective action claim under an exercise of the court's supplemental jurisdiction.[13] Some courts, including the Third Circuit, have held that courts should decline to exercise supplemental jurisdiction over state wage law claims where "the inordinate size of the state-law class, the different terms of proof required by the implied contract state-law claim, and the general federal interest in opt-in wage actions suggest the federal action is an appendage to the more comprehensive state action."[14] Other courts, including the Court of Appeals for the District of Columbia, have held that federal courts may properly exercise supplemental jurisdiction over state law claims involving Rule 23 class members, even if they have not opted in to the FLSA collective action, because the state-law claims are part of the same Article III case or controversy as the FLSA claim.[15] However, both Circuits that considered the issue, drew conclusions on the basis of case-specific facts.[16]

Within the Tenth Circuit, there appears to be substantial disagreement. Although the

---

[13] *See, e.g.*, William C. Martucci & Jennifer K. Oldvader, *Addressing the Wave of Dual-Filed Federal FLSA and State Law "Off-the-Clock" Litigation: Strategies for Opposing Certification and a Proposal for Reform*, 19 Kan. J.L. & Pub. Pol'y 433 (Spring 2010); Joseph M. McLaughlin, 1 McLaughlin on Class Actions § 2:16 (December 2009).

[14] *See, e.g.*, *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 312 (3d Cir. 2003).

[15] *See, e.g.*, *Lindsay v. Gov't Employees Ins. Co.*, 448 F.3d 416, 424 (D.C. Cir. 2006).

[16] *Id.* at 424–25 (remanding to allow trial court to consider factors under § 1367(c)(4) to determine whether it should decline supplemental jurisdiction); *De Asencio*, 342 F.3d at 309–12 (explaining why the trial court should have declined supplemental jurisdiction under the specific facts of this case).

question raised by defendant here has not been directly addressed, judges in the District of Kansas have handled state and federal claims simultaneously in a hybrid action. In *Bruner v. Sprint/United Mgmt. Co.*, Judge Vratil addressed a settlement of a hybrid action, including FLSA and state law claims, by bifurcating the proceedings.[17] In *Garcia v. Tyson Foods, Inc.*,[18] Judge Lungstrum simultaneously considered a motion for conditional certification of an FLSA collective action and Rule 23-certification of state-law class by applying the different procedural rules separately.

Other courts have expressed concern about hybrid actions. In *Kuncl v. International Business Machines Corp.*,[19] the Northern District of Oklahoma analyzed the *res judicata* effect of a hybrid settlement on a plaintiff's FLSA claim.[20] Kuncl received notice of a hybrid settlement, but chose not to respond.[21] As a result, "Kuncl was included in the Rule 23 ERISA class because he failed to opt-out, but was not included in the § 216(b) FLSA class because he did not affirmatively opt-in."[22] When he later sought to assert his FLSA claim, the Court held that the "release" in the Rule 23 settlement barred plaintiff's subsequent FLSA claim even

---

[17]*See Bruner v. Sprint/United Mgmt. Co.*, Nos. 07-2164-KHV, 08-2133-KHV, 08-2149-KHV, 2009 WL 2729911 (D. Kan. Aug. 25, 2009) (approving settlement under Rule 23 for California and New York state law claims); *Bruner v. Sprint/United Mgmt. Co.*, Nos. 07-2164-KHV, 08-2133-KHV, 08-2149-KHV, 2009 WL 2058762 (D. Kan. July 14, 2009) (approving settlement under FLSA for plaintiffs in Kansas, California and New York, but disapproving of attorneys' fees amount).

[18]255 F.R.D. 678 (D. Kan. 2009).

[19]660 F. Supp. 2d 1246 (N.D. Okla. Sept. 23, 2009).

[20]*Id.* at 1249–50.

[21]*Id.* at 1249.

[22]*Id.*

though he had not opted-in to the FLSA settlement.[23] In so holding, the court expressed concern about the outcome and suggested that "the best solution to the dilemma faced by the Court in this case might be to prohibit FLSA/Rule 23 hybrid actions all together."[24]

In *In re American Family Mutual Insurance Co. Overtime Pay Litigation*,[25] the District Court of Colorado specifically declined to exercise supplemental jurisdiction over plaintiff's state law claim because it would exponentially change the scope of her FLSA claim. The court noted that Congress's intent in making FLSA actions "opt in" was a "response to 'excessive litigation spawned by plaintiffs lacking a personal interest in the outcome,' in order to limit 'private FLSA plaintiffs to employees who asserted claims in their own right,' and to free 'employers from the burden of representative actions.'"[26] The court found there were "compelling" reasons to decline supplemental jurisdiction under § 1367(c)(4) because of the fundamental differences between Rule 23 and § 216(b), Congress's intent in making the FLSA an "opt in" action, and because the state law class action claims would "substantially predominate" over the FLSA claim, in part, because the classes for each claim were significantly different.[27]

Still other courts in this Circuit have deferred taking any position on the issue until a later stage of the litigation when a relevant showing of conflict—beyond mere speculation—could be

---

[23]*Id.* at 1253.

[24]*Id.*

[25]638 F. Supp. 2d 1290 (D. Colo. July 28, 2009).

[26]*Id.* at 1298 (quoting *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 173 (1989)).

[27]*Id.* at 1298–99.

demonstrated by the parties and analyzed by the court.[28] At this early stage of proceedings, on the basis of plaintiff's Complaint alone, the Court takes this same position.

Here, at the notice-pleading stage, the Court finds it appropriate to deny defendant's motion to dismiss without prejudice. Defendant has not yet filed an Answer, but instead filed a motion to dismiss on the basis of the allegations in the Complaint alone. However, under the Federal Rules of Civil Procedure, a plaintiff is permitted to assert claims alternatively, regardless of consistency.[29] The KMWMHL is generally considered "the state counterpart to the federal Fair Labor Standards Act,"[30] but plaintiff has alleged that his KMWMHL claim as an alternative to his FLSA claim, and contends that the KMWMHL claim only applies to "all pay periods and/or Mortgage Advisors that are located within the State of Kansas not governed by the FLSA."[31] Finally, it appears from the Complaint that, while the KMWMHL and FLSA claims relate to defendant's failure to pay straight and overtime compensation, the KWPA claim relates to improper deductions made to his compensation, including ancillary fees in conjunction with the processing of mortgages, such as appraisal fees. Plaintiff has not yet filed a motion to certify

---

[28]*See Brown v. Money Tree Mortgage, Inc.*, 222 F.R.D. 676, 683 (D. Kan. 2004) (granting FLSA conditional certification but denying Rule 23 certification of state law claims without prejudice until parties briefed the questions surrounding whether Court's exercise of supplemental jurisdiction would be appropriate); *Kaiser v. At The Beach, Inc.*, No. 08-CV-586-TCK-FHM, 2009 WL 4506152 (N.D. Okla. 2009) (granting FLSA conditional certification, and disregarding defendant's argument that plaintiff's Rule 23 state law claim was inherently "incompatible" with the FLSA collective action unless/until plaintiff actually filed a motion for class certification under Rule 23); *McDonald v. Kellogg Co.*, No. 08-2473, 2009 WL 1125830 (D. Kan. Apr. 27, 2009) (denying defendant's motion to dismiss plaintiff's FLSA claim for unpaid overtime compensation because it did not completely overlap with plaintiff's KWPA claim for improper deductions and, therefore, the two claims were not necessarily "incompatible"; the court permitted plaintiff to amend complaint to clarify his KWPA claim).

[29]*See* Fed. R. Civ. P. 8(d)(2)–(3).

[30]*Dollison v. Osborne County*, 241 Kan. 374, 380, 737 P.2d 43, 48 (1987).

[31]An "employer" within the meaning of the KMWMHL does not apply to employers who are subject to the FLSA. *See* K.S.A. § 44-1202(d). Also, the overtime provisions of the KMWMHL do not apply to employees who are covered under the FLSA. *See* K.S.A. § 44-1204(c)(1).

the action under either Rule 23 or § 216(b), and no class action has been certified by this Court. To the extent defendant contends this hybrid action will confuse class members, the Court has not yet seen any notice that might be distributed.

Defendant further argues that "principles of supplemental jurisdiction make dismissal of the state law overtime claim appropriate because there is *potential* the state law claim will predominate."[32] However, 28 U.S.C. § 1367(c)(2) permits a court to decline to exercise supplemental jurisdiction when it is clear "the claim *substantially* predominates over the claim or claims over which the district court has original jurisdiction."[33] Defendant has not made such a showing. At this point, although defendant argues there is "inherent irreconcilability" between claims, defendant has not shown a compelling basis in the Complaint alone for this Court to decline supplemental jurisdiction or to dismiss the state law claims under Rule 12(b)(6) for failure to state a claim. The Court denies defendant's motion to dismiss without prejudice.

### B. Insufficient Factual Allegations

Second, defendant contends plaintiff's Complaint lacks factual allegations sufficient to meet the standard of Rule 8. More specifically, defendant argues that plaintiff's "minimal factual allegations do not meet the heightened standard set forth by the Supreme Court in *Iqbal*." Plaintiff argues that it has set forth every element of each claim, and if assumed it be true, has stated plausible claims for relief.

The Complaint sets forth straight-forward claims under the FLSA and the KMWMHL for failure to pay straight time and overtime compensation for all hours worked, and under the

---

[32](Doc. 13 at 6) (emphasis added).

[33]28 U.S.C. § 1367(c)(2) (emphasis added).

8

KWPA for making improper deductions to his compensation earned. In support of his FLSA claim, plaintiff alleges that he was employed by defendant from January 6, 2009 to August 31, 2009. Defendant was an "employer" engaged in interstate "commerce and/or the production of "goods" for "commerce" within the meaning of the FLSA. Plaintiff worked as a mortgage advisor for defendant and was not exempt from the overtime pay requirements of the FLSA. Defendant had a policy and practice of failing and refusing to pay its mortgage advisors straight time for all hours worked and overtime pay at a rate of not less than one-and-one-half the regular rate of pay for work performed in excess of forty hours in a work week. Defendant's failure to compensate plaintiff for this time, violated the FLSA.

Plaintiff asserts an alternative claim under the KMWMHL. In support of his KMWMHL claim, plaintiff alleges that defendant is an "employer" within the meaning of the KMWMHL and employed plaintiff as a mortgage advisor. Plaintiff was not exempt from the right to receive overtime pay under the KMWMHL. He regularly worked in excess of forty-six hours per week and was subject to defendant's practice, policy or plan of failing and refusing to pay its mortgage advisors straight time for all hours worked and overtime compensation at a rate of one-and-one-half the regular rate of pay for work performed in excess of forty-six hours in a work week, in violation of the KMWMHL.

In support of his KWPA claim, plaintiff alleges that defendant was an "employer" within the meaning of the KWPA and he was employed by defendant. Defendant had a policy and practice of failing and refusing to pay its mortgage advisors for work performed by inappropriately deducting monies from their compensation earned, including but not limited to ancillary fees in conjunction with the processing of mortgages, such as appraisal fees, in

9

violation of the KWPA.

Defendant argues that plaintiff's "facts" are conclusory recitals of the elements of the cause of action. The case defendant relies upon is inapposite. *Smith v. Pizza Hut, Inc.*[34] related to a claim for failure to reimburse plaintiffs for certain expenses incurred in the course of their work, which resulted in less than minimum wage.[35] Judge Lungstrum has noted that *Twombly* and *Iqbal* did not impose a "heightened pleading standard" on straight-forward claims for failure to pay straight time and overtime compensation for all hours worked.[36] Judge Lungstrum has also previously noted, "[t]he Tenth Circuit has [] recognized that the degree of specificity required to satisfy Rule 8(a) 'depends on the type of case.'"[37]

Although defendant notes that plaintiff has not provided any facts about his job duties to show that he is "nonexempt," plaintiff correctly notes that plaintiff is not required to prove his claims at this stage, but merely to plead his claims. Additionally, although an employee bears the burden to prove an employer has violated the FLSA, it is the employer's burden to prove that an employee is exempt from FLSA coverage.[38] Finally, defendant argues that plaintiff has not alleged any facts showing he is "similarly situated" to other mortgage advisors or that all mortgage advisors were together the victims of a common policy. However, defendant cites no authority for requiring this information in plaintiff's Complaint, and the Court finds such factual

---

[34] 694 F. Supp. 2d 1227 (D. Colo. 2010).

[35] *Id.* at 1228.

[36] *McDonald v. Kellogg Co.*, No. 08-2473-JWL, 2009 WL 1125830, *1 (D. Kan. Apr. 27, 2009) (collecting cases and citing *Chao v. Rivendall Woods, Inc.*, 415 F.3d 342 (4th Cir. 2005)).

[37] *Id.* at *2 (quoting *Robbins v. Okla.*, 519 F.3d 1242, 1247–48 (10th Cir. 2008)).

[38] *See Archuleta v. Wal-Mart Stores, Inc.*, 543 F.3d 1226, 1233 (10th Cir. 2008).

considerations more appropriate in a motion for conditional certification under § 216(b) or class certification under Rule 23.

Plaintiff has alleged straight-forward wage and hour claims and has identified the types of deductions he believes were improperly made to his compensation under the KWPA. Accordingly, plaintiff's factual allegations, assumed to be true, raise a right to relief above the speculative level and state plausible claims for relief.[39] The Court denies defendant's motion to dismiss on this basis.

### C. Improper Relief

Finally, defendant asks the Court to dismiss three forms of relief requested by plaintiff in the Complaint for the following reasons: (a) plaintiff cannot recover both liquidated damages and interest under the FLSA; (b) plaintiff cannot recover equitable relief under the FLSA; and (c) plaintiff is not entitled to attorneys' fees under the KWPA.

First, defendant argues that plaintiff is not entitled to both liquidated damages and interest under the FLSA. Plaintiff explains he is seeking this relief in the alternative. "[A] successful FLSA plaintiff[] cannot obtain prejudgment interest in additional to liquidated damages because that would enable them to obtain double recovery."[40] Therefore, the Court grants defendant's motion to the extent the Complaint alleges liquidated damages "and" interest in the conjunctive, but denies defendant's motion to the extent the Complaint request liquidated damages "or" interest in the disjunctive.

---

[39] *See McDonald*, 2009 WL 1125830, *2; *McGee v. Henry Dock Works., Inc.*, No. CIV-10-45-M, 2010 WL 2524082 (W.D. Okla June 18, 2010).

[40] *E.E.O.C. v. Swift Transp. Co., Inc.*, 120 F. Supp. 2d 982, 988 (D. Kan. 2000); *see also Doty v. Elias*, 733 F.2d 720, 726 (10th Cir. 1984).

Defendant argues that plaintiff is a private party and, therefore, not entitled to equitable relief under the FLSA, specifically, that he is not entitled to injunctive relief. Plaintiff did not respond to this issue. Although the Secretary of Labor is authorized to seek injunctive relief under the FLSA for violations of its overtime and wage provisions, private parties are not so authorized unless they are seeking injunctive relief under the anti-retaliation provision of the FLSA.[41] The present case does not come within this exception. Therefore, to the extent plaintiff is seeking injunctive relief under the FLSA, the Court grants defendant's motion.

Defendant asks the Court to dismiss plaintiff's claim for attorneys' fees under the KWPA because the statute does not authorize courts to award attorneys' fees in private actions.[42] Plaintiff concedes that, if the case proceeded to trial, a private party would not be permitted to recover attorneys' fees under the KWPA. However, plaintiff explains that he may seek attorneys' fees as part of a settlement agreement. Although attorneys' fees have been awarded in class action settlements,[43] the parties have not entered a settlement agreement at this time and the language of the KWPA "makes no provision for attorney fees for a private cause of action."[44] This case has not been certified as a class action and there is no indication in the record that the parties are engaged in settlement negotiations. Based on the present posture of the case, the Court grants defendants' motion to dismiss plaintiff's claim for attorneys' fees under the

---

[41] *See Bailey v. Gulf Coast Transp., Inc.*, 280 F.3d 1333, 1335 & n.3 (11th Cir. 2002).

[42] *Shelley v. State of Kan., Dept. of Human Res.*, 8 P.3d 33, 39 (Kan. Ct. App. 2000) ("Although [the] statute provides for assessment of reasonable attorney fees against an employer, when the Secretary of Human Resources prevails on behalf of an employee, the statute further provides that the amount recovered is to be placed into the wage claims fee fund. The statute makes no provision for attorney fees for a private cause of action . . .").

[43] *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980).

[44] *Shelley v. Dept. of Human Res.*, 8 P.3d 33, 39 (Kan. Ct. App. July 14, 2000).

KWPA.[45]

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion to Dismiss (Doc. 12) is granted in part and denied in part as set forth above.

**IT IS SO ORDERED.**

Dated: August 30, 2010

                                           S/ Julie A. Robinson
                                           JULIE A. ROBINSON
                                           UNITED STATES DISTRICT JUDGE

---

[45] *See, e.g., McDonald v. Kellogg Co.*, No. 08-2473-JWL, 2009 WL 1125830, *3 n.3 (D. Kan. Apr. 27, 2009).